UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARY CLARK, deceased, | ) | |
| GAIL CLARK, deceased, | ) | |
| BRUCE CLARK, and | ) | |
| WILLIAM CLARK, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:09-0116, |
| | ) | consolidated with |
| | ) | Case No. 3:09-cv-0117 |
| | ) | |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| PHOENIX HOMES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Pending before the court is a Motion to Dismiss (Docket No. 21) filed by one of the defendants in this case, the State of Tennessee, Department of Children's Services (DCS). No response to this motion has been filed, and, for the reasons discussed herein, this motion will be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

In December 2008, the plaintiffs filed two independent state court actions in Dickson County Circuit Court against various entities operating under the label "Phoenix Homes." (Case No. 09-116, Docket No. 1 Ex. 1; Case No. 09-117, Docket No. 1 Ex. 1.) One case was filed by William Clark, as surviving spouse, on behalf of Mary Clark, deceased, and the other case was filed by Bruce Clark, as surviving spouse, on behalf of Gail Clark, deceased. (*Id.*) The core allegation in both state court complaints was that "Phoenix Homes," which is a foster care

1

placement service, negligently placed two minors in the home of Mary and William Clark. (*Id.*) According to the complaints, these minor children killed Mary and Gail Clark on or about January 1, 2008 in the home of Mary and William Clark. (*Id.*) Phoenix Homes removed both of these cases, and they have been consolidated for all purposes. (Docket No. 6.)

In Phoenix Homes's Answer in this consolidated action, it asserted that, as to both killings, "should there be any negligence or fault in this matter for the placement of the minor children in the home of Mary Clark and William Clark, then it lies with the State of Tennessee Department of Children's Services as it retained the ultimate custody, control and supervision of the minors in the homes in which they are placed. In addition thereto, the State of Tennessee Department of Children's Services had superior knowledge of any of the histories of the minors and should there exist any information that would have rendered these minors unfit for placement in the home of Mary and William Clark, then it was not disclosed to the Defendant, Phoenix Homes, Inc. Therefore, out of an abundance of precaution, should the unnamed Defendant in this case, State of Tennessee Department of Children's Services, be negligent, then its negligence under the laws of the State of Tennessee should be so compared." (Docket No. 12 at 2, 5.)

In light of this response, on June 2, 2009, the plaintiffs filed their "Amended Complaint/ Joinder of Third Party Defendant," adding DCS as a defendant and alleging that DCS was liable for the deaths under a negligence theory. (Docket No. 18 at 1.) On June 22, 2009, DCS moved to dismiss on sovereign immunity grounds. (Docket No. 21.) The only response to this motion has come from Phoenix Homes, which stated that "it has no opposition to the State's motion so long as [Phoenix Homes] is still permitted to assert comparative fault on the immune non-party."

2

(Docket No. 23 at 1.)

## ANALYSIS

DCS has moved to be dismissed from this wrongful death case on the grounds of sovereign immunity. No objections to that motion have been timely filed, although defendant Phoenix Homes has sought clarification that it is still permitted, even if DCS is dismissed, to assert comparative fault as to the immune non-party.

### I. Sovereign Immunity

DCS argues that all claims brought against it should be dismissed because DCS is immune from suit in this court under the Eleventh Amendment's sovereign immunity doctrine. (Docket No. 22 at 3.) The Eleventh Amendment protects states from suits brought by citizens in federal court. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). A state agency, such as DCS, is protected by the state's sovereign immunity as the state itself. *See Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Cox v. Shelby State Comm. College*, 48 F. App'x 500, 504 (6th Cir. 2002). This protection is subject to two major exceptions: (1) where Congress has properly abrogated the states' immunity; and (2) where a state has explicitly consented to suit in federal court. *Latham v. Office of Att'y Gen. of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

In this case, neither exception applies. First, there is no federal law at issue, and, therefore, nothing Congress could have abrogated. Second, the state of Tennessee has not waived its sovereign immunity here, but, rather, the legislature of the state of Tennessee has explicitly affirmed the state's immunity from suit and has vested "exclusive jurisdiction to determine all monetary claims against the state for," among other things, "negligent care, custody and control of persons" in the Tennessee Claims Commission. T.C.A. § 20-13-102(a);

T.C.A. § 9-8-307. Sovereign immunity clearly bars this suit against DCS, and, therefore, the plaintiffs' claims against DCS will be dismissed.[1]

## II. Comparative Fault

Defendant Phoenix Homes argues that, even if DCS is dismissed, Phoenix Homes should still be allowed, at trial, to assert, and have the jury consider and apportion, DCS's comparative fault. (Docket No. 23 at 2.) In *Carroll v. Whitney,* Tennessee "join[ed] the vast majority of comparative fault jurisdictions that broadly permit allocation of fault to all persons involved in an injury-causing event," holding that, "when a defendant raises the nonparty defense in a negligence action, a trier of fact may allocate fault to immune nonparties." 29 S.W. 3d 14, 21-22 (Tenn. 2000); *see also Biscan v. Brown*, 160 S.W. 3d 462, 474 (Tenn. 2005)("under our system of comparative fault, a jury may apportion fault to an immune party notwithstanding the party's immunity from liability."); *Ferguson v. R.W. Fowler & Associates*, 18 Fed. Appx. 372, 376 (6th Cir. 2001) (citing *Carroll* and "Tennessee's policy of an equitable apportionment of fault among those actually responsible.")

Therefore, it is well settled that, in a negligence action such as this one, the jury is entitled to consider the fault of an immune party. Therefore, even though DCS will not be a party to this suit, Phoenix Homes will be, as it requests, permitted to assert fault by DCS at trial,

---

[1] Oddly, while seeking to dismiss "all claims against the State of Tennessee" and captioning the cases as consolidated, DCS's Motion to Dismiss only explicitly references the litigation filed by Bruce and Gail Clark. (Docket Nos. 21-22.) Based on the discussion above, the court can identify no reason why the disposition of the plaintiffs' claims against DCS would be any different as to Bruce and Gail Clark versus William and Mary Clark, as the same principles of sovereign immunity would seem to apply. Therefore, the court assumes that this is simply an oversight by DCS, and the court will dismiss DCS from this consolidated action. If a basis for a distinction exists, the parties are certainly welcome to bring it to the court's attention.

4

and the jury will be permitted to apportion fault to DCS, if such evidence warrants it.

## **ORDER**

The Motion to Dismiss (Docket No. 21) filed by the State of Tennessee, Department of Children's Services (DCS) is **GRANTED**, and DCS is **DISMISSED** from this case. For the purpose of establishing the degree of Phoenix Homes' liability (if any), the jury will be allowed to consider and apportion DCS's fault (if any).

It is so ordered.

Enter this 21st day of July 2009.

ALETA A. TRAUGER
United States District Judge